**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America,  ) | CR 11-1298-PHX-JAT |
| Plaintiff,  ) | **ORDER** |
| vs.  ) |  |
| Virginia Quintero Mendoza,  ) |  |
| Defendant.  ) |  |

Defendant has moved for a voluntariness hearing. The Government objects because Defendant has not put forth sufficient facts that would allow the Government to respond on the merits or entitle Defendant to relief.

"A hearing is not required on a motion to suppress if the grounds for suppression consist solely of conclusory allegations of illegality." *United States v. Ramirez-Garcia*, 269 F.3d 945, 947 (9th Cir. 2001) (citing *United States v. Wilson*, 7 F.3d 828, 834 (9th Cir. 1993)). "An evidentiary hearing on a motion to suppress [a confession] need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist." *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2001) (citing *United States v. Harris*, 914 F.2d 927, 933 (7th Cir. 1990); *United States v. Irwin*, 612 F.2d 1182, 1187 n.14 (9th Cir. 1980); and *United States v. Carrion*, 463 F.2d 704, 706 (9th Cir. 1972)). Defendant cannot simply rely on the fact that the Government has the burden of proof to establish voluntariness. *See Howell*, 231

F.3d at 621 (affirming denial of evidentiary hearing where defendant "submitted a boilerplate motion that relied wholly on the fact that the government has the burden of proof to establish adequate Miranda warnings"); *see also* L.R.Crim. 16.1(b).

In this request for voluntariness hearing, Defendant says, "The boarder patrol agents took a confession from the defendant while she was in custody and after the defendant requested an attorney." Doc. 23 at 2. Defendant then says that her, "statements were illegally obtained in violation of the Fifth, Sixth, and Fourteenth Amendments... ." *Id.* The motion concludes, "The defendant is entitled to an evidentiary hearing to determine the voluntariness of defendant's confession... ." *Id.*

First, the Court agrees with the Government that Defendant has offered no facts to support a request for a voluntariness hearing. Second, Defendant has offered insufficient facts to warrant a suppression hearing (and Defendant has failed to cite a single case that would support the motion). However, because Defendant has indicated a colorable foundation for the motion — failure to honor a request for counsel — the Court will permit Defendant to supplement to motion to explain "with sufficient definiteness, clarity, and specificity" Defendant's basis for seeking to suppress her statements. *See Howell*, 231 F.3d at 620. Defendant should also cite law to support her position.

Accordingly,

**IT IS ORDERED** that Defendant shall supplement the motion (Doc. 23) by December 22, 2011, with the specifics listed above, or the motion will be denied without prejudice.

**IT IS FURTHER ORDERED** that if Defendant files a supplement, the response and reply times will be those set by the Local Rules.

DATED this 8th day of December, 2011.

James A. Teilborg
United States District Judge